

**FOLEY HOAG** LLP
ATTORNEYS AT LAW

December 27, 2004

Colin J. Zick
Boston Office
617.832.1275
czick@foleyhoag.com

**BY HAND**

The Honorable Nancy Gertner
United States District Judge
United States District Court
   for the District of Massachusetts
One Courthouse Way, Suite 4130
Boston, MA  02210

   Re:   *Capitol Records, Inc., et al. v. Alaujan*, U.S. District Court,
         District of Massachusetts, Lead Docket No. 03-11661-NG:
         John Doe cases filed on November 18, 2004

Dear Judge Gertner:

   I am writing on behalf of the Plaintiff record companies concerning the Court's December 9, 2004 orders issued on Plaintiffs' Motion for Leave to Take Immediate Discovery. Plaintiffs seek to raise a number of issues about those orders and to inform the Court about Plaintiffs' plans to implement them.

   Plaintiffs have now served subpoenas with the notice directed by the Court's December 9 orders, and will include that notice with each subsequent subpoena that seeks the identities of Doe Defendants. As Plaintiffs have discussed with the Court's clerk, Plaintiffs are providing corrected information in the notice directing the Defendants to contact the record companies' representatives at (206) 973-4145, by facsimile at (206) 242-0905, or by e-mail at info@settlementsupportcenter.com, rather than our office.

   Plaintiffs want, however, to place on the record their objections to certain aspects of the Court-directed notice. As an initial matter, Plaintiffs support the provision of notice to Defendants concerning the subpoenas to their ISPs. Nonetheless, Plaintiffs do not believe that it is appropriate to discuss issues of personal jurisdiction in the context of the Court's notice. Issues of personal jurisdiction can and will be resolved after the Defendants are identified, but are not ripe at this stage when the only issue is disclosure pursuant to a subpoena. In addition, Plaintiffs object to the Court directing the Defendants to particular public interest groups which have agendas of their own that may be unrelated to (and possibly inconsistent with) the interests of individual Defendants. Plaintiffs believe the Court should not give its apparent approval to those groups as resources for the Defendants.

The Honorable Nancy Gertner
December 27, 2004
Page 2

      In the near future, Plaintiffs will submit to the Court the letter that they will send to Defendants once they are identified (but prior to the Doe defendants being named on the public record) and the letter that Plaintiffs will provide to each Defendant when they serve complaints naming Defendants on the record. The primary purposes of both letters are to inform the Defendants about the Plaintiffs' lawsuit and to indicate Plaintiffs' willingness to discuss settlement. Plaintiffs will provide to the Court form versions of the letters for the Court's review so that no Defendant's name or address will appear on the public record prior to being named in a lawsuit. At this time, Plaintiffs do not contemplate sending any other general notices to Defendants prior to naming them in a complaint. These standard notices will be virtually identical to those submitted to Judge Rufe, who is coordinating the parallel cases in the Eastern District of Pennsylvania, in the only other case in which a court has required pre-approval of such communications.

      Plaintiffs will, of course, continue to engage in settlement discussions with individual defendants. We do not, however, understand the Court's December 9 order to require pre-approval or placement on the record of such discussions, nor do we believe that would be appropriate given the traditional confidentiality of settlement discussions, the interests of Defendants in keeping their identities off the public record, and the interests of all parties in minimizing the costs and burdens of litigation. Nor do we understand the Court's December 9 orders to apply to communications with Defendants *after* Defendants have been named and litigation is proceeding in the ordinary course.

      Proceeding in this fashion – submission of general letters to Doe Defendants prior to service of the complaint for Court review, but proceeding in the ordinary course with settlement discussions and communications once litigation has commenced against a named defendant – is consistent with the practice before Judge Rufe as well.

      If the Court or its clerks have any questions regarding these issues, please do not hesitate to call me to discuss them. Upon the Court's approval of the change to the contact information for Plaintiffs' representatives, Plaintiffs intend to serve the subpoenas and the court-directed notices as quickly as possible.

Very truly yours,

Colin J. Zick

cc: Thomas J. Perrelli, Esq. (by email)
     Gabriel M. Helmer, Esq.

FHBOSTON/1145457.4